UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ERIC LEE ROBERTS,**

   **Plaintiff,**

**v.**            **CIVIL ACTION 2:14-cv16545**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

   **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

### Standard of Review

Pending before this Court is Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12), Plaintiff's Brief in Support of Motion for Judgment on the Pleadings (ECF No. 13), and Brief in Support of Defendant's Decision (ECF No. 14).

### Background

Eric Lee Roberts, Plaintiff (hereinafter Claimant), applied for disability insurance benefits (DIB) on March 3, 2011, alleging disability beginning on December 22, 2006 (Tr. at 169-172). The claim was denied initially on April 15, 2011 (Tr. at 107-111), and upon reconsideration on May 25, 2011 (Tr. at 115-121). Claimant filed a written request for hearing on June 21, 2011 (Tr. at 122-123). In his request for a hearing before an Administrative Law Judge (ALJ), Claimant stated he disagreed with the determination made on his claim for disability because the decision was contrary to medical evidence and D regulations (Tr. at 122). Claimant appeared in person and testified at a hearing held in Charleston, West Virginia on February 21, 2013 (Tr. at 29-69). In the Decision dated March 5, 2013, the ALJ determined that Claimant was not disabled under section

216(i) and 223 (d) of the Social Security Act through December 31, 2011, the last date insured (Tr. at 7-28). On April 30, 2013, Claimant filed a Request for Review of Hearing Decision of the ALJ because the ALJ's decision was contrary to the medical evidence and regulations (Tr. at 6). On March 20, 2014, the Appeals Council found no reason under the rules to review the ALJ's decision and therefore denied the request for review (Tr. at 1-5). The Appeals Council received additional evidence which was made part of the record which was listed as Exhibit B14E, Department of Veteran Affairs Rating Decision dated December 18, 2006 to December 21, 2006 and Exhibit B15E, Representative brief, dated April 30, 2013. After considering the Claimant's reasons for disagreeing with the ALJ's decision and the additional evidence made part of the record, the Appeals Council found that this information did not provide a basis for changing the ALJ's decision.

On May 16, 2014, Claimant bought the present action requesting this Court to review the decision of the defendant and that upon review, it reverse, remand or modify that decision.

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2014). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.*

§ 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  *Id.* § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  *Id.*  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  *Id.* § 404.1520(e).  By satisfying inquiry four, the claimant establishes a *prima facie* case of disability.  *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. § 404.1520(f) (2014).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date of December 22, 2006, through his date last insured, December 31, 2011 (Tr. at 12).  Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of bilateral knee degenerative joint disease, lumbar spine degenerative joint disease, history of myocardial infarction, obesity, bilateral hearing loss with tinnitus, obstructive sleep apnea, bipolar disorder/major depressive disorder, anxiety/posttraumatic stress disorder and coronary artery. (*Id.*)  At the third inquiry, the ALJ concluded that through the date last insured, Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1

(Tr. at 13). The ALJ then found that Claimant has a residual functional capacity to perform unskilled light work[1] (Tr. at 23). As a result, the ALJ determined that Claimant is capable of performing his past relevant work as a stocker. The ALJ concluded that Claimant could perform jobs such as price marker, sorter inspector and copy machine operator. (*Id.*) On this basis, benefits were denied (Tr. at 24).

### Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not

---

[1] The ALJ ordered that, through the date last insured, Claimant had the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. Claimant could sit for at least 6 hours out of 8 hours. He could stand/walk for about 6 out of 8 hours. Claimant could never climb ladders, ropes or scaffolds, kneel, crawl or squat. He could occasionally climb ramps and stairs, balance and stoop. He had to avoid concentrated exposure to temperature extremes, vibrations, fumes, dusts, odors, gases, poor ventilation and workplace hazards such as moving machinery or unprotected heights. He was limited to routine, repetitive type tasks that required no more than incidental public contact and occasional contact with co-workers and supervisors. Claimant could work in environments with moderate noise intensity level or quieter as defined by the Selected Characteristics of Occupations (SCO) (Tr. at 16).

supported by substantial evidence.

Claimant's Background

Claimant was born on October 7, 1958. He was fifty-four years old on the date of the hearing (Tr. at 46). Claimant testified that he served in the Air Force for thirteen years and eleven months and was in the Army for three years (Tr. at 42).  He was a jet-engine mechanic in the Air Force and a cook in the Army.  (*Id.*)  Since the end of her military service, Claimant has worked primarily as a cook (Tr. at 41).

The Medical Record

The court has reviewed all evidence of record, and will address those portions which are relevant to the issues raised by Claimant.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ erred in failing to give the proper weight to Claimant's disability rating decision issued by the Department of Veterans Affairs (VA) (ECF Nos. 12, 13). Claimant argues that the ALJ's factual findings are not supported by substantial evidence and were reached through incorrect application of the legal standard.  Defendant asserts that the ALJ properly discounted the VA disability rating decision as the evidence was limited to percentages found in a medical record (ECF No. 14).  Defendant asserts that the evidence submitted to the Appeals Council (AC) is insufficient to warrant remand.

Consideration of VA's Rating Decision

Claimant testified to having a temper and experiencing "shooting pain" in his knees and back.  Claimant reported to experiencing muscle cramping in his feet.  Claimant testified that he has trouble standing and walking due to shortness of breath and throbbing knee pain.  Claimant asserted that he has to take frequent stops and sit down.  Claimant testified to receiving an eighty-

percent service connected disability pension from the VA (Tr. at 47). A VA patient status report dated August 15, 2012, demonstrated that his service connected disability of eighty-percent is comprised of the following rated disabilities: fifty-percent for Major Depressive Disorder; ten-percent for Degenerative Arthritis of the Spine;[2] twenty-percent for Traumatic Arthritis; ten-percent for Tinnitus; and ten-percent for Residuals of Foot Injury (Tr. at 760).

Claimant's challenge to the Commissioner's decision focuses solely with whether the ALJ gave proper consideration and weight to the evidence related to Claimant's VA disability (ECF No. 13). As such, the discussion below will concentrate on that challenge.

<u>Discussion</u>

Upon conclusion of the hearing on February 21, 2013, the record contained a consult request from Claimant's cardiology provider dated August 15, 2012, which listed Claimant's service connected disability ratings totaling eighty-percent (Tr. at 761). No explanation of the disability rating percentages were included in the consult request, nor was the full rating decision in the record before the ALJ.

The ALJ's decision states that "the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p" (Tr. at 16). The ALJ's residual functional capacity assessment stated that he read and considered Claimant's VA service connection disability ratings totaling eighty-percent (Tr. at 21). However, he found the criteria of the VA and Social Security Administration (SSA) for determining disability are not identical.[3]

---

[2]  Ten-percent for Degenerative Arthritis of the Spine was listed twice.
[3]  The ability to work is not a factor in disability determinations made by the VA, unlike those made by the SSA. See

(*Id.*)  The ALJ stated that "the evidence through the [date last insured] DLI supports the limitations as identified in the claimant's residual functional capacity and he was capable of performing work activity."  The ALJ did not state what weight he gave Claimant's VA disability ratings.

Claimant requested review of the ALJ's decision and submitted a representative brief dated April 30, 2013, and the entire VA disability rating decision, dated December 18, 2006, to December 21, 2006 (Tr. at 5-6).  The submissions were admitted as Exhibits B14E and B15E, by the AC. The Appeals Council (AC) mailed a Notice of Appeals Council Action dated March 20, 2014 (Tr. at 1-3). The AC found that the new exhibits did not warrant a review of the ALJ's decision.  Additionally, the AC found that Claimant did not present any arguments which provided a basis for changing the ALJ's decision.

The Social Security regulations provide that "evidence" includes "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled or blind."  20 C.F.R. § 404.1512(b)(5) (2014).  The decision of another agency is not binding on the SSA, 20 C.F.R. § 404.1504, but the SSA is required to evaluate all the evidence, including decisions by other agencies.  Moreover, Social Security Ruling 06-03p states that "evidence of a disability decision by another governmental . . . agency cannot be ignored and must be considered."  The Ruling provides that "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases . . .."

<u>VA's Disability Rating Decision</u>

The Fourth Circuit has held that "the disability determination of a state administrative agency is entitled to consideration in a SSA disability proceeding…. [A]lthough the SSA will

---

Umar Moulta-Ali, Cong. Research Serv., R41289, *Disability Benefits Available Under the Social Security Disability Insurance (SSDI) and Veterans Disability Compensation (VDC) Programs*, (2012), http://fas.org/sgp/crs/misc/R41289.pdf.

accept another agency's disability determination as evidence of a claimant's condition that agency's decision is not binding on the SSA." *Bird v. Commissioner of Social Sec. Admin.*, 699 F.3d 337, 343 (4ᵗʰ Cir. 2012).

In *Bird*, the Fourth Circuit discussed the role that disability decisions by governmental agencies play in the SSA's disability determination process.  Pointing to circuit precedent and social security directives, the court stated the general rule is that while these decisions are not binding on the SSA, they "cannot be ignored and must be considered" when determining a claimant's eligibility for social security disability benefits.  *Halstead v. Colvin, 2015 U.S. Dist. LEXIS 15281 (S.D. W.Va., January 8, 2015)* (citing *DeLoatche v. Heckler*, 715 F.2d 148, 150 n. 1 (4ᵗʰ Cir. 1983) and SSR 06-03p, 2006 SSR LEXIS 5, 2006 WL 2329939, at *6 (Aug. 9, 2006)).[4]

The claimant in *Bird* had been awarded disability benefits through the VA, but was found not disabled by an ALJ under the Social Security Act.  The district court affirmed the Commissioner's decision.  On appeal, the claimant argued, in relevant part, that the ALJ had failed to afford adequate weight to the VA's disability rating determination.  In considering the argument, the Fourth Circuit acknowledged that it had not previously addressed the precise weight that the SSA should give to disability ratings by the VA and noted that sister circuits had found varying degrees of deference to be appropriate.  The court reasoned that "both the VA and Social Security

---

[4] SSR 06-03p, 2006 SSR LEXIS 5 provides inter alia:

> Under sections 221 and 1633 of the Social Act, only a State agency or the Commissioner can make a determination based on Social Security law that you are blind or disabled.  Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, 1996 SSR LEXIS 2 "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner").  However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)).  Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." *Id.* In addition, "[b]oth programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." *Id.* (citing *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). Consequently, the court concluded that "because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." *Id.* Thus, the Court held:

> [I]n making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate. (*Id.*)

In *Wyche v. Colvin*, 2014 U.S. Dist. LEXIS 62589 (E.D. Va., March 25, 2014), the court found that the opinion in *Bird* created a new standard. The court held that a presumption of substantial weight given to the VA's determination under the new *Bird* standard now requires the ALJ to "explain" why he departed from "substantial weight." *Wyche* citing *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010)(ALJ departing from substantial weight must give "specific, valid reasons for doing so that are supported by the record.").

Defendant's Brief in Support of Defendant's Decision states that "the only evidence of Plaintiff's VA disability rating presented to the ALJ was percentages of disability, with no corresponding explanations, found within a medical record" (ECF No. 14). Defendant asserts that Claimant failed to submit the full December 18 and 21, 2006, VA disability rating decision until

his case was before the Appeals Council.  (*Id.*)  Defendant argues that the VA's disability rating

decision "is neither new nor material."

Additional evidence will be considered by the Appeals Council if it is new and material

and relates to the period on or before the ALJ hearing decision.  See 20 C.F.R. §§ 404.970(b) and

416.1470(b).  SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and

material.  According to the HALLEX, this means the evidence is:

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning it is (a) dated before or on the date of the hearing decision, or (b) postdates the hearing decision but is reasonably related to the time period adjudicated at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which

goes to the district court for review.  This is true whether the Appeals Council reviews the case or

not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv.

248, Unempl. Ins. Rep. (CCH)(11th Cir. 1994).  In the present matter, the AC stated in the Notice

of Appeals Council Action that Claimant's request for review was denied and that the additional

evidence received and made part of the record as Exhibits B14E and B15E (Tr. at 1-2, 5).

The ALJ decision mentions the VA disability rating percentages, however, he did not

specify what weight was given to the disability percentages and why.  Although the ALJ is not

required to give the VA disability rating percentages substantial evidence, he is required to

demonstrate his reliance on the record to justify giving it less than substantial weight.

It is not the role of the Court to search for evidence and articulate for the ALJ's decision

which the ALJ himself did not articulate.  *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013

U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If

the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

An ALJ may give less weight to a VA disability rating and does not have to give the VA's opinion significant weight. See *Cline v. Michael J. Astrue*, Case No. 6:12-cv-00690 (Parkersburg, WV 2013)(unpublished). In *Cline*, the court held that a brief, conclusory assertion by the Commissioner that the ALJ considered the determination of the VA is not a situation where the ALJ truly considered the decision and the analysis of the evidence contained therein. The court

held that "The ALJ's decision lacks an explanation of his consideration given to the VA's decision." See *Cline*.   The ALJ's decision denying benefits was not supported by substantial evidence due to the failure to explain the VA's decision as required by the regulations and Social Security Ruling 6-03p.

<u>Reasonable Possibility the New Evidence Would Have Changed the Outcome</u>

The VA disability rating decision lists in detail the percentages of disability found, evidence relied upon to reach the percentages and over 3 pages of narrative explaining the reasons for the VA disability rating decision (Tr. at 242-255).   Defendant asserts that on April 30, 2013, after the ALJ's decision, Claimant presented the full VA rating disability decision to the AC (ECF No. 14).   Defendant asserts that the VA disability rating decision did not address Claimant employability.[5]   Furthermore, Defendant asserts that the VA rating disability decision is not new because it was in existence and available before the ALJ's decision. (*Id.*)

Defendant's assertion that the VA rating disability decision is not new as it existed at the time of the hearing before the ALJ is misplaced.[6] *Williams v. Sullivan*, 905 F.2d 214 (8th Cir. 1990). The Court proposes that the presiding District Judge find that the ALJ's decision is not supported by substantial evidence in light of the new evidence submitted by Claimant. The Court notes that Defendant argues about the lack of good cause for Claimant's failure to submit the new evidence earlier, particularly since the evidence predated the ALJ's decision.   Defendant cites *Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991),* as support for this position. However, *Wilkins*,

---

[5]  It was Defendant who pointed out in footnote 2 of the Brief in Support of Defendant's Decision (ECF No. 14) that "The ability to work is not a factor in disability determinations made by the VA…"

[6]  New evidence submitted to the Appeals Council following an ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision. *See Perez v. Chater*, 77 F.3d 41 (2nd Cir. 1996). A claimant may submit new evidence to the Appeals Council without showing good cause for failing to submit it to the ALJ. Good cause requirement exists only when the evidence is presented for the first time to the district court. When the Appeals Council has considered new and material evidence and declined review, the court must consider the new evidence when deciding whether the ALJ's decision is supported by substantial evidence. Richard C. Ruskell, *Social Security Disability Claims Handbook*, 374, 2015 Edition.

when read in its entirety and in combination with the applicable regulation, reveals that a claimant

need not show good cause when submitting new evidence to the Appeals Council:

> A claimant seeking a remand on the basis of new evidence under 42 U.S.C.A. §
> 405(g) (West 1983) must show that the evidence is new and material and must
> establish good cause for failing to present the evidence earlier.  There is no
> requirement that a claimant show good cause when seeking to present new evidence
> before the Appeals Council.

*Wilkins*, 953 F.2d at 96 n.3; *see also* 20 C.F.R. § 416.1471(b) (2014).  Instead, "[t]he Appeals

Council must consider evidence submitted with the request for review in deciding whether to grant

review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before

the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.)

Evidence is new "if it is not duplicative or cumulative."  *Id.* at 96 (citing *Williams*, 905 F.2d at

216).  "Evidence is material if there is a reasonable possibility that the new evidence would have

changed the outcome."  *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

     The new evidence offered by Claimant, the VA disability rating decision, reveals how the

percentages of disability were derived and lists supporting evidence. This evidence is not

cumulative of evidence already contained in the record.  Furthermore, the new evidence could

have changed the ALJ's decision.  The Court recommends that the presiding District Judge remand

this matter for further consideration.

     The Court makes no recommendation about the remaining issues raised by Claimant, as

they can be addressed on remand.

Conclusion

     The undersigned proposes that the United States District Court remand this matter pursuant

to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to weigh the disability

rating decision of the VA pursuant *to Bird.*  If the ALJ still concludes that the VA's disability

13

rating decision should not be given "significant weight" he/she shall provide a specific and detailed rationale so that Claimant may understand the basis for the adverse decision.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 13), **DENY** the Commissioner's Brief in Support of the Defendant's Decision (ECF No. 14), **REVERSE** the final decision of the Commissioner and **REMAND** this case for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  August 24, 2015

Dwane L. Tinsley
United States Magistrate Judge